## SMITH *versus* RINES.

In a suit to recover for money paid by the plaintiff, as surety to the defendant in a replevin bond, it is no defence, that the plaintiff, when signing the bond, knew that the replevin suit was groundless and malicious.

ASSUMPSIT for money paid by plaintiff as surety on a replevin bond.

Pillsbury attached goods on a writ against Stover Rines, who procured them to be receipted for. After demand, the receiptors were sued, and *their* goods were attached. The defendant replevied the last mentioned goods, furnishing the plaintiff and two other persons, as sureties on the replevin bond. After judgment, by consent, for a return, judgment on the bond was recovered against the defendant and his sureties, and it was satisfied by a levy upon the plaintiff's real estate. To recover the amount thus satisfied on said judgment, the plaintiff brings this suit.

At the trial, the defendant proved that he never had even a color of title to the goods replevied, and that the plaintiff, his surety, well knew that fact; that there was a concert between them to use the replevin suit for the purpose of procuring more time for Stover Rines, in which to settle his debt to Pillsbury.

It was ruled that that proof furnished no defence to this suit.

The defendant excepted.

*Ingersoll,* for defendant.

The replevin suit was a groundless and malicious prosecution. The parties are in *pari delictu,* equally *tort feasors.* In such cases, the law furnishes no relief between the parties.

1. This defendant is liable to an action for malicious prosecution. *Stone* v. *Swift,* 4 Pick. 392 ; *Farnham* v. *Moor,* 21 Maine, 508 ; *Noyes* v. *Wells,* 12 Pick. 324; *Ives* v. *Bartholomew,* 9 Conn. 309 ; *Revenga* v. *McIntosh,* 2 B. & C. 693.

2. The replevin bond was an essential part of that process. All the signers of it were principals in the wrong, and equally guilty of a fraud. 8 Smedes & Marshall, 305.

3. Among joint *tort feasors* there is no implied indemnity. 2 Greenl. Ev. sect. 115. This case is within the *rule*, not the *exception*. It was not an innocent act. It was to try no right. *Merriweather* v. *Nixan*, 8 T. R. 186 ; *Fairbrother* v. *Ansley*, 1 Camp. 343 ; *Wilson* v. *Milnor*, 2 Camp. 450, 452.

*Cutting*, for plaintiff.

HOWARD, J., orally. — If the giving of the bond was a fraud, it was one of singular character, for it indemnified the intended victim. This suit is not brought upon any illegal contract. There is no ground, in law or equity, why the plaintiff should not recover.          *Exceptions overruled.*